IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-2241-PAB-KLM

BRIAN LITTLEFIELD,

Plaintiff,

v.

WELD COUNTY SCHOOL DISTRICT RE-5J, et al.,

Defendants.

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants, **LESLIE ARNOLD** and **CARA ANDERSON**, in their individual capacities, through counsel, **SGR, LLC**, hereby submit their Reply in Support of Motion to Dismiss, and state as follows:

### A. PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM REMAINS UNSUBSTANTIATED AND IMPLAUSIBLE.

### 1. No plausible violation of Plaintiff's First Amendment right to religious association.

Plaintiff argues the causation element of his religious association claim is not exclusively based on temporal proximity. [Response (ECF No. 43), p. 3]. However, to support his otherwise conclusory statement "[i]t was [his] speech at the FCA meeting that sparked [Defendants' conduct]" (Response, p. 3), Plaintiff again asserts that such conduct occurred "[o]nly two days later" and/or "approximately two months after [his] speech to the FCA." [Response, pp. 3–4]. Again, the basis for these allegations are purely temporal in nature, and any adverse conduct must therefore have occurred "very close" to the February 25, 2021 FCA meeting to satisfy his prima facie requirement.

While Defendant Arnold's amended performance evaluation did fall within the actionable timeframe, the allegations of the Complaint show the evaluation came in response to her belief Plaintiff had performed poorly at a union negotiation, which occurred on February 26, 2021, one day after the FCA meeting. [Complaint, ¶ 25]. The Complaint provides no allegations plausibly demonstrating pretext on the part of Defendant Arnold, or that she ever once mentioned the FCA. *See Leal v. Falk*, 2021 WL 1186662, at *5 (D. Colo. Mar. 29, 2021) ("Plaintiffs must allege 'specific facts' showing retaliation. Recitation of the acts done to plaintiffs does not satisfy the requirement of showing how those acts are connected to plaintiffs' protected activity.") (internal citations omitted).

Plaintiff further claims his amended performance review was "sufficiently adverse" to form the basis of his claim, but his reliance on the *Brammer-Hoelter* line of cases for this proposition is inapposite. *Brammer-Hoelter I* [1] determined that a "poor performance rating" is sufficient to support a First Amendment retaliation claim by citing to *Baca v. Sklar*, 398 F.3d 1210, 1220–21 (10th Cir. 2005), which noted that such claims may be based on "repercussions that would not be actionable under Title VII." But since *Baca*, the Tenth Circuit has described the appropriate test as "identical to the test which is applied in Title VII retaliation claims." *Hook v. Regents of Univ. of California*, 394 F. App'x 522, 535 (10th Cir. 2010) (quoting *Couch v. Bd. of Trs. of Mem'l Hosp.*, 587 F.3d 1223, 1238 (10th Cir. 2009)). Because a negative employment review would not be "considered materially adverse" in this context under Title VII, nor should it be actionable here. *See Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003) ("[F]ormal criticism or poor performance evaluations are not necessarily adverse actions and they should not be considered such if they did not affect the employee's grade or salary."); *Medina v. Income Support Div.*, 413 F.3d 1131, 1137 (10th Cir. 2005) ("A reprimand, however, will only constitute an adverse employment action if it adversely affects the terms and

---

[1] *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1207–08 (10th Cir. 2007).

conditions of the plaintiff's employment."); *Houston Cmty. Coll. Sys. v. Wilson*, 142 S. Ct. 1253, 1261 (2022) (recognizing requirement for "material adversity" in the First Amendment retaliation context). Plaintiff fails to allege how the terms and conditions of his employment were impacted by the amended review.[2]

To the extent Plaintiff again relies on additional conduct, such as his "demotion" to co-principal, Defendants' subsequent (March 6, 2021) grievances against him, and the investigation that followed[3], the Response reiterates allegations that such were in fact based on his own (March 2, 2021) employee grievance against Defendants, and not his meeting/association with the FCA. [Response, pp. 4–5]. Similarly, with respect to the March 1, 2021 meeting, again, there was no mention of Plaintiff's association with FCA. And regarding Defendant Anderson in particular, Plaintiff again fails to allege she had any knowledge of his affiliation with the FCA, much less his prior meeting with that group.[4]

The Response, like the Complaint, similarly fails to show how Plaintiff's ability to "exercise his religious beliefs and practices" (or his ability to associate for same) was burdened. *Fields v. City of Tulsa*, 753 F.3d 1000, 1009 (10th Cir. 2014). First, Plaintiff has again provided no facts showing how

---

[2] Nor has Plaintiff alleged how such terms and conditions were impacted by the March 1, 2021 meeting.

[3] *See also Flanigan v. Anglogold Ashanti N. Am. Inc.*, 2022 WL 18109247, at *8 (D. Colo. Dec. 16, 2022) ("The Tenth Circuit has held in the First Amendment retaliation context that commencement of an internal investigation of potential wrongdoing does not qualify as a retaliatory action.") (citing *Nealis v. Cox Com, LLC*, 731 F. App'x 787, 791 (10th Cir. 2018)), report and recommendation adopted, 2023 WL 34742 (D. Colo. Jan. 4, 2023).

[4] Though Plaintiff now suggests the FCA "was a topic of discussion" during the March 1, 2021 meeting (Response p., 4 n.2), there are no factual averments within the Complaint to support this, and he cannot supplement his allegations through his Response. *Ramsey v. Sw. Corr. Med. Grp., Inc.*, No., 2019 WL 3252181, at *10 (D. Colo. Jul. 19, 2019) ("[A] plaintiff cannot avoid dismissal by adding new allegations in a response brief[.]"); *Taylor v. United States*, 2022 WL 252324, at *6 (D. Colo. Jan. 27, 2022) (same).

his ability to practice Christianity or otherwise follow the teachings of Jesus Christ was obstructed by Defendants' purported conduct, as Plaintiff has not alleged how or why speaking with the FCA or attending a paid social dinner was mandated by his faith. And while Defendant Arnold is alleged to have caused Plaintiff to miss a "great portion" of the Wild Game Dinner, the allegations show this was due to a work-related scheduling conflict, and her alleged comments made no mention of Plaintiff's religion. [Response, pp. 7–8]. The Response again provides no allegations regarding Defendant Anderson on this issue.

To the extent Plaintiff attempts to rely on the "coercive or compulsory in nature" test discussed in *Fields* (*supra*), this test has been consistently interpreted to apply to situations where a claimant was coerced into <u>violating</u> his religious beliefs. *See, e.g.*, *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 448–51; *Messiah Baptist Church v. Jefferson County*, 859 F.2d 820, 824 (10th Cir. 1988); *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 557 (10th Cir. 1997). This test does not support Plaintiff's argument, as he does not allege (nor can he plausibly show) how being directed (or in *arguendo*, "coerced") to attend a work-related JMEA meeting was in direct contravention of his Christian faith. As for his affiliation with the FCA, again, there are no allegations Defendants ever once made mention of his involvement with that organization, much less coerced him into not attending those meetings. Indeed, Plaintiff concedes it was his "difficult choice" to stop attending FCA meetings (Response, p. 8), and the allegations this had anything to do with Defendants' conduct remains unreasonable and conclusory. *See Sgaggio v. Suthers*, 2022 WL 974650, at *3 (D. Colo. Mar. 31, 2022) ("Though Ms. Sgaggio states that she feared the officers would break down the door, she does not allege any facts that would make that fear reasonable. It was Ms. Sgaggio's choice, not government coercion, that resulted in her stopping to pray on this occasion.").

4

### 2. No clearly established law under the circumstances alleged.

Plaintiff relies on *Tonjes*, *Cillo*, and *Merrifield* [5] for the proposition that "the 'public concern' element is inapplicable" to his claim. [Response, p. 2]. Plaintiff is mistaken. None of those cases reached that determination, nor did they involve allegations of religious retaliation. Moreover, the Tenth Circuit in *Merrifield* was presented with an opportunity to opine on this issue (in dicta) but expressly declined to do so. 654 F.3d at 1073 ("We also need not determine whether the public-concern requirement applies when the alleged protected association is for the free exercise of religion."). Accordingly, it is difficult to see how Plaintiff could have plausibly overcome Defendants' qualified immunity in the context of a First Amendment religious association claim, when the very elements of such claim remain unclear.

Plaintiff next attempts to overcome qualified immunity by citing broad First Amendment principles [Response, pp. 9–12], which in and of themselves, do not create clearly established law under the particular circumstances of this case. *See Chavez v. Dep't of Educ.*, 2016 WL 11692350, at *9 (D. Colo. July 18, 2016) (citing *Dill v. City of Edmond, Oklahoma*, 155 F.3d 1193, 1205 (10th Cir. 1998)). For instance, none of the cases cited in the Response found an underlying violation of a public employee's right to associate for religious purposes on the basis he received a critical performance evaluation following a meeting with a religiously based organization. Nor do any of these cases involve circumstances where a public employee was demoted and eventually terminated following an investigation that substantiated complaints against him. Lastly, Plaintiff has identified no case finding that a supervisor violates the religious association rights of a public employee by causing him to miss a portion of a paid church dinner, or by discouraging him from saying "Merry

---

[5] *Tonjes v. Park Cnty. Sheriff's Off.*, 300 F. Supp. 3d 1308 (D. Colo. 2018); *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 459 (10th Cir. 2013); *Merrifield v. Bd. of Cnty. Comm'rs for Cnty. of Santa Fe*, 654 F.3d 1073 (10th Cir. 2011).

Christmas" or placing holiday decorations at a public school. For these reasons, Defendants Arnold and Anderson remain entitled to qualified immunity.

      **B.     PLAINTIFF'S CADA CLAIM IS NOT PLAUSIBLE.**

To the extent Plaintiff's CADA claim is based on allegations of disparate treatment due to his religion, he was required to provide sufficient allegations demonstrating how he was treated less favorably than similarly situated employees outside of his protected class. *See Woodfork v. Jefferson Cnty. Fairgrounds*, 2021 WL 2283816, at *4 (D. Colo. June 4, 2021) ("Plaintiff must also allege that Defendant treated him less favorably than those not in a protected class or practicing a different religion.") (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)). Plaintiff has made no such showing and his claim should fail.[6]

Plaintiff also makes no attempt to distinguish the holding in *Judson v. Walgreens Co.*[7] from the facts of this case. Instead, he merely criticizes Judge Arguello's analysis in that case—specifically, her reliance on *Cowing v. Commare*, 499 S.W.3d 291, 295 (Ky. Ct. App. 2016). [Response, pp. 14–15]. Yet Plaintiff cites to no Colorado case that undermines the reasoning employed in *Judson*, and it remains persuasive authority for the proposition such claims cannot be brought against individuals acting within the course and scope of their employment with the defendant employer.

---

[6] Plaintiff's reading of *Piercy v. Maketa* is also flawed, as that decision <u>does</u> reference the similarly situated employee requirement by expressly identifying the fourth element of a discrimination claim: "(4) she was treated less favorably than others not in the protected class." 480 F.3d 1192, 1203 (10th Cir. 2007). Moreover, Plaintiff's attempt to distinguish this Court's reasoning in *Tiger v. Powell* on the purported basis "that analysis was made under Title VII and not CADA (Response, p. 14 n.12), is similarly misguided, given the analysis under each is identical. 2022 WL 4182413, at *7 n.9 (D. Colo. Sept. 13, 2022) ("Because Colorado and federal law apply the same standards to discrimination claims, Title VII and CADA claims rise or fall together.") (cleaned up).

[7] 2021 WL 1207445, at *5 (D. Colo. Mar. 31, 2021).

Regardless, "[t]he sufficiency of Plaintiff's allegations for purposes of stating a claim against [Defendants] under [CADA] is irrelevant … if [he] failed to exhaust [] administrative remedies with respect to [them]. *Bank v. Allied Jewish Fed'n of Colorado*, 4 F. Supp. 3d 1238, 1242 (D. Colo. 2013). The CADA provides that:

> Any person claiming to be aggrieved by a discriminatory or unfair practice as defined by [the CADA] may … make, sign, and file with the division a verified written charge stating the name and address of the respondent alleged to have committed the discriminatory or unfair practice, setting forth the particulars of the alleged discriminatory or unfair practice, and containing any other information required by the division.

COLO.REV.STAT § 24–34–306(1)(a). Compliance with this provision is a prerequisite to the filing of a civil action. COLO.REV.STAT § 24–34–306(14). Moreover, the issue of administrative exhaustion implicates this Court's subject matter jurisdiction, and a failure to sufficiently exhaust strips the Court of its ability to hear Plaintiff's claim. *See Lasser v. Charter Commc'ns, Inc.*, 2020 WL 2309506, at *3 (D. Colo. Feb. 10, 2020) (collecting cases). "[T]he question of subject matter jurisdiction can be raised at any time." *Niemi v. Lasshofer*, 770 F.3d 1331, 1345 (10th Cir. 2014); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076–77 (10th Cir. 1999) ("A defect in subject matter jurisdiction can never be waived and may be raised at any time."); *see also Dorsey v. Univ. of New Mexico*, 2010 WL 11626649, at *2 (D.N.M. Mar. 31, 2010) (considering jurisdictional challenge raised for the first time in a reply brief, and dismissing case for lack thereof). When assessing a factual challenge to subject matter jurisdiction, "a district court may not presume the truthfulness of the complaint's factual allegations … [and] has wide discretion to allow [outside documents] to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Lasser*, 2020 WL 2309506, at *2 (quoting *Holt v. United*

7

*States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). "In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id.*[8]

Plaintiff's "Complaint of Discrimination" ("COD") filed August 20, 2021 (attached as **Exhibit A**) fails to list Defendants Arnold and Anderson as respondents, nor does it provide an address for these individuals—as CADA requires. *See Worrell v. Colorado Cmty. Bank*, 2010 WL 2943487, at *3 (D. Colo. July 21, 2010) (dismissing claim on this basis). And while the COD does include references to Defendants and their alleged conduct, this is not sufficient to satisfy Plaintiff's jurisdictional requirements. *See Bank*, 4 F. Supp. 3d at 1242 ("While Plaintiff's affidavit proceeded to reference conduct by Seserman, … these references are insufficient as a matter of law to put Seserman on notice that [p]laintiff was intending to charge him individually with discriminating against her for purposes of [CADA]."); *Lindsay v. Denver Pub. Sch.*, 2021 WL 5277826, at *6 (D. Colo. Mar. 22, 2021)[9] (finding insufficient the mere fact that the "charge mentions [the individual defendants] throughout the 'Discrimination Statement.'").

Nor does the Notice of Right Sue ("Notice"), dated June 9, 2022 (attached as **Exhibit B**), make any reference to Defendants Arnold or Anderson, and their attorneys were not copied on the Notice—further indicating Plaintiff had "failed to put the Division on notice that [he] was charging [them], individually, with violation of the CADA." *Id.* (declining jurisdiction on this additional basis). Moreover, because the COD and Notice both indicate Plaintiff was assisted by competent counsel

---

[8] While Defendants' Motion to Dismiss [ECF No. 40] was expressly brought pursuant to Rule 12(b)(6), this does not preclude the Court from addressing these matters under Rule 12(b)(1). *Lasser*, 2020 WL 2309506, at *1.

[9] Report and recommendation adopted, 2021 WL 5277825 (D. Colo. May 27, 2021).

throughout the administrative process[10], his attempt to exhaust "should not be construed as liberally as if []he had filed it unassisted by counsel," and his CADA claims should be dismissed as to Defendants Arnold and Anderson. *Id.* (distinguishing *Romero v. Union Pacific R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980)) on this basis); *see also Lindsay,* 2021 WL 5277826, at *6 (declining to apply the *Romero* leniency test to CADA's exhaustion requirement).

**WHEREFORE**, for the reasons stated herein and, in the Motion, Defendants respectfully request the Court enter an Order dismissing Plaintiff's claims with prejudice, and grant all further relief the Court deems appropriate.

Respectfully submitted,

| | |
|---|---|
| s/ Courtney B. Kramer | s/ Jonathan N. Eddy |
| **Courtney B. Kramer** | **Jonathan N. Eddy** |
| SGR, LLC | SGR, LLC |
| 3900 East Mexico Avenue, Suite 700 | 3900 East Mexico Avenue, Suite 700 |
| Denver, Colorado 80210 | Denver, Colorado 80210 |
| Email: ckramer@sgrllc.com | Email: jeddy@sgrllc.com |
| | *Attorneys for Defendants Arnold and Anderson* |

---

[10] *See* **Exhibit A**, p. 10 (referring to Plaintiff as "my client"), **Exhibit B** (featuring attorney letterhead).

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of March, 2023, I electronically filed a true and correct copy of the above and foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Reid J. Elkus
Elkus & Sisson PC
relkus@elkusandsisson.com
*Counsel for Plaintiff Brian Littlefield*

Catherine Tallerico
Chris Esser
Lyons Gaddis, PC
ctallerico@lyonsgaddis.com
cesser@lyonsgaddis.com
*Counsel for Defendant Weld County School District RE-5J*

                                                s/ Barbara A. Ortell
                                                Barbara A. Ortell
                                                Legal Secretary