IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02241-PAB-KAS

BRIAN LITTLEFIELD,

     Plaintiff,

v.

WELD COUNTY SCHOOL DISTRICT RE-5J, a political and quasi-municipal subdivision,
LESLIE ARNOLD, individually and in her former official capacity as Superintendent, and
CARA ANDERSON, individually and in her former official capacity as Assistant Superintendent of Human Resources,

     Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

     This matter is before the Court on Plaintiff's **Motion to Modify Scheduling Order to Reopen Discovery to Take Further Deposition of Weld County School District's 30(b)(6) Representative** [#118] (the "Motion"). Defendant Weld County School District RE-5J (the "District") filed a Response [#125] in opposition to the Motion [#118]. No replies were permitted. *See Minute Order* [#116]. The Motion [#118] has been referred to the undersigned. *See Memorandum* [#119]. The Court has reviewed the briefs, the case file, and the applicable law. For the following reasons, the Motion [#118] is **DENIED**.

## I. Procedural Background

     Plaintiff alleges that Defendants Leslie Arnold ("Defendant Arnold") and the District violated his rights under the First Amendment, Title VII of the Civil Rights Act of 1964, and Colo. Rev. Stat. § 24-34-402. *See Motion* [#118] at 2. A Scheduling Order [#24] was

entered in this matter on November 30, 2022, and has since been amended several times to extend various discovery deadlines. *See Minute Orders* [## 64, 93, 99, 105, 111, 115].

As relevant here, on February 14, 2024, Plaintiff provided the District's legal counsel a list of proposed Rule 30(b)(6) deposition topics. *Motion* [#118] at 2. The list included 26 topics, including Topic #7: "[a]ny and all complaints that the District received concerning [Defendant] Arnold, whether such complaints were investigated, and the outcome of such investigations." *30(b)(6) Topic List* [#118-1] at 2. The District did not immediately object and its 30(b)(6) deposition was set for March 20, 2024. *Motion* [#118] at 2; *see generally Email and Notice of Depo.* [#118-2]. On March 12, 2024, the District's counsel provided a list of objections. *Motion* [#118] at 2; *Objections to 30(b)(6) Notice* [#118-3]. The parties conferred about the objections, though the deposition proceeded as scheduled without the District seeking a protective order. *Motion* [#118] at 2; *Conferral Emails* [#118-4].

Plaintiff argues that the District's counsel improperly objected to questioning of its 30(b)(6) deponent, Tami Kramer, relating to Topic #7, even after Plaintiff's counsel provided Ms. Kramer with a copy of the Declaration of Michael Wailes, the President of the District's Board of Education. *Motion* [#118] at 3-4; *30(b)(6) Dep. Transcript* [#118-5] at 109:16-25; *Decl. of Wailes* [#118-6]. Mr. Wailes' declaration referenced "complaints from various individuals about [Defendant] Arnold's leadership of the District," including "allegations that [Defendant] Arnold had a 'hit list' of employees she wanted to get rid of for opposing her; had poor communication skills; created a hostile work environment; and targeted employees who supported or associated with [Plaintiff]." *Decl. of Wailes* [#118-6], ¶ 7. Plaintiff argues that Mr. Wailes' declaration confirms that the District had

2

knowledge of complaints against Ms. Arnold, despite Ms. Kramer's contrary testimony as its 30(b)(6) designee. *Motion* [#118] at 5. Plaintiff argues that the District failed to produce a witness prepared to testify on Topic #7. *Id.* at 6.

Meanwhile, on April 17, 2024, nearly one month after the at-issue deposition, the parties filed a Joint Motion to Stay Discovery [#109] representing that they had "completed all discovery in this case and jointly agree that a settlement conference is warranted." *Joint Motion to Stay* [#109], ¶ 2. Relying on that representation, the Court extended the dispositive motions deadline and set a settlement conference for June 10, 2024. *See Minute Order* [#111] at 1 ("Given the date of the [settlement] conference and the parties' representation that all discovery is complete, the Court will reset the dispositive motions deadline to a date certain, a few weeks after the conference."). The June 10, 2024 settlement conference did not result in settlement. *Minute Entry* [#112].

On June 17, 2024, the parties sought another extension of the dispositive motions deadline and a continuance of the Final Pretrial Conference, again without mentioning any disputed discovery issues. *See generally Stipulated Motion to Modify Scheduling Order* [#113]. The Court granted the Stipulated Motion [#113], extended the dispositive motions deadline to August 1, 2024, and reset the Final Pretrial Conference to September 12, 2024. *Minute Order* [#115]. Finally, on July 23, 2024, Plaintiff emailed Judge Starnella's Chambers about this disputed discovery issue. *See Minute Order* [#116]. The Court permitted Plaintiff to file a motion seeking to reopen discovery and set a deadline for Defendant's response, but no replies were permitted. *See id.* at 1-2. The Court cautioned the parties that it was "not inclined to grant further extensions to the dispositive motions deadline or another continuance of the Final Pretrial Conference." *Id.* at 2.

Plaintiff now moves to reopen discovery "for the limited purpose of allowing the Plaintiff to take the District's 30(b)(6) deposition[.]" *Motion* [#118] at 14. Meanwhile, on August 1, 2024, the District and Defendant Arnold each filed summary judgment motions. *See Arnold MSJ* [#117]; *District MSJ* [#120].

## II. Legal Standards

Whether to extend or reopen discovery is committed to the trial court's sound discretion. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted). Courts consider several factors, including: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Id.* (citations omitted).

Plaintiff's Motion [#118] also asks the Court to modify the Scheduling Order [#24], which "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). However, in the context of a motion to reopen discovery, "the *Smith* factors effectively replace rule 16's 'good cause' standard—or, perhaps more accurately, the *Smith* factors are dispositive as to how good cause applies in motions to reopen; either way, no separate good cause analysis is needed." *Anderson Living Trust v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 440-41 (D.N.M. 2015).

## III. Analysis

Plaintiff argues that all six *Smith* factors favor reopening discovery. *Motion* [#118] at 8-12. Notably, he argues that the District will not be prejudiced by reopening its Rule

4

30(b)(6) deposition because it already possessed information relevant to Topic #7. *Id.* at 9-10. He argues that he acted diligently in obtaining discovery because he took the 30(b)(6) deposition before the discovery cut-off and diligently attempted to ask Ms. Kramer about Topic #7. *Id.* at 10. Plaintiff explains that "[i]n reducing cost of litigation in the interest of settlement, this particular discovery motion was tabled until it appeared that settlement may not occur before motions for summary judgment were to be filed." *Id.* Finally, he argues that it is likely that further questioning of the District into Topic #7 is likely to lead to relevant evidence. *Id.* at 11-12.

The District argues that the *Smith* factors do not favor reopening discovery where "Plaintiff had several months to bring this issue to the Court's attention but failed to do so" because he "unilaterally chose to 'table' this Motion for 142 days, under the pretext of reducing litigation costs while exploring settlement possibilities[.]" *Response* [#125] at 1, 2. The District argues that it would be significantly prejudiced because it would disrupt the case schedule, including summary judgment motions that were just filed. *Id.* at 5-6. It also argues that Plaintiff was not diligent in bringing this matter to the Court's attention but instead deliberately and unilaterally chose to "table" the issue for months. *Id.* at 6-7. Finally, the District questions whether a renewed 30(b)(6) deposition would yield any relevant discovery and maintains that its designee appropriately prepared and appeared for the March 20, 2024 deposition. *Id.* at 9-12.

## A.    Imminence of Trial

The Court finds the first *Smith* factor—whether trial is imminent—is mixed, given the procedural posture of this case. Plaintiff is correct that no trial date has been set, but this case has been pending for two years, the final pretrial conference is less than a month

away, and Defendants Arnold and the District have filed summary judgment motions. *See Minute Order* [#115] (setting Final Pretrial Conference on September 12, 2024); *Arnold MSJ* [#118]; *District MSJ* [#120]. Reopening discovery would certainly disrupt this case, even though trial has not been set. *Cf. Jama v. City & County of Denver*, 304 F.R.D. 289, 301 (D. Colo. 2014) (finding, in the context of motion for Rule 37(c) sanctions, that "[a]lthough there is no trial date set in this case, . . . there has been, and will continue to be, significant disruption and delay to the prompt and expedient resolution of this matter as a result of the [p]laintiffs' untimeliness."). Nonetheless, because no trial date has been set, this factor weighs in favor of reopening.

**B.     Opposition**

Regarding the second *Smith* factor, the Motion [#118] is opposed, which weighs against reopening discovery.

**C.     Prejudice to the District**

The Court finds that the third *Smith* factor, prejudice to the non-moving party, weighs strongly against reopening discovery. The District has filed a summary judgment motion based on the current record, and multiple district courts in this circuit have held that reopening or supplementing discovery after summary judgment motions are filed constitutes prejudice. *See Jama*, 304 F.R.D. at 300-301 (finding the defendant city had been prejudiced by late disclosures which mooted its summary judgment motion); *Zhou v. Pittsburg State Univ.*, 252 F. Supp. 2d 1194, 1207 (D. Kan. 2003) ("Given the posture of the case—discovery has closed and defendant has filed a summary judgment motion—defendant would be prejudiced if discovery were reopened."). Moreover, reopening discovery to permit a renewed 30(b)(6) deposition of the District will likely moot the filed

summary judgment motions and create additional discovery disputes. The prejudice factor weighs strongly against reopening discovery.

## D.      Plaintiff's Diligence

The Court turns to the fourth *Smith* factor—Plaintiff's diligence in seeking the requested discovery. Plaintiff admits that "the at-issue questions that are now the subject of this motion were explored during the March 20th deposition" and that he chose to "table" the issue for nearly *four months*, "until it appeared that settlement may not occur until before motions for summary judgment were to be filed." *Motion* [#118] at 10.

Meanwhile, in the months following the District's 30(b)(6) deposition, Plaintiff jointly filed two motions with the Court, both representing that discovery was complete and failing to mention any remaining disputes. *See Joint Motion to Stay* [#109]; *Stipulated Motion to Modify Scheduling Order* [#113]. As Defendant argues, "[s]ettlement discussions can occur concurrently with other ongoing litigation activities, and participating in such discussions does not justify the Plaintiff's failure to file in a timely manner." *Response* [#125] at 7. Indeed, Plaintiff's only explanation for the delay is that he chose to table the issue pending settlement, and that he only revived it when settlement appeared unlikely. *Motion* [#118] at 10. This was not merely a failure of diligence, it was a deliberate litigation tactic, and Plaintiff must live with the consequences. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("A party who takes deliberate action with negative consequences . . . will not be relieved of the consequences . . . when it subsequently develops that the choice was unfortunate.") (quotation omitted); *Anderson Living Trust*, 308 F.R.D. at 428 ("Courts will not grant relief when the mistake of which the movant complains is the result of an attorney's deliberate

7

litigation tactics."); *Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1288-89 (D.N.M. 2009) (declining to reopen discovery where the movant's failure to designate an expert had been a "strategic decision"). Plaintiff's deliberate decision and lack of diligence weigh strongly against reopening discovery.

## E.    Foreseeability

Next, the Court considers the fifth *Smith* factor, foreseeability of the need for the additional discovery in the time previously allowed by the court. Plaintiff argues that he could not have anticipated the 30(b)(6) deponent's failure to prepare on Topic #7, but this views the issue too narrowly. *Motion* [#118] at 11. Instead, the question of foreseeability hinges on whether the moving party could have anticipated the need for this particular discovery during the timeframe previously set by the court. *See, e.g.*, *Skyline Potato Co., Inc. v. Tan-O-On Mktg., Inc.*, 285 F.R.D. 617, 631 (D.N.M. 2012) (finding the fifth *Smith* factor weighed in favor of discovery because "it was not foreseeable that . . . [the p]laintiffs would need additional time to take the deposition of a Kroger Co. representative who could testify about the use of [the defendant's] Kroker Co. vendor number"); *but cf. Arup Lab'ys, Inc. v. Pac. Med. Lab'y, Inc.*, No. 2:20-cv-00186, 2022 WL 280782, at *3 (D. Utah Jan. 31, 2022) (denying motion to reopen discovery where "the need for this discovery was foreseeable before the deadline expired"); *Tracy v. Youth Health Assocs., Inc.*, No. 1:20-cv-88, 2021 WL 2379636, at *2 (D. Utah June 9, 2021) (finding that the need for particular documents was foreseeable where "it appear[ed] [p]laintiff was aware of this issue from its own discovery request").

Here, Plaintiff's need for information about Topic #7 was foreseeable before the discovery closed, as indicated by Plaintiff including Topic #7 in his 30(b)(6) topics list. *See*

*30(b)(6) Topic List* [#118-1] at 2; *Tracy*, 2021 WL 2379636, at *2. Even if Plaintiff could not have foreseen that Ms. Kramer, the District's 30(b)(6) deponent, would be unprepared to testify about the Wailes declaration and Topic #7, Plaintiff's need for this information was foreseeable and he should have acted promptly and diligently when it became clear to him that Ms. Kramer did not have it. *See Tracy*, 2021 WL 2379636, at *2 ("Failing to seek such information until now demonstrates a lack of diligence and [the p]laintiff offers no credible excuse for this failure.") (citing *Stevenson v. Salt Lake Cnty.*, No. 2:12-cv-44-PMW, 2014 WL 1819660, at *2 (D. Utah May 7, 2014)). Thus, the Court finds that this factor strongly weighs against reopening discovery.

## F.   Likelihood of Relevant Evidence

Finally, the Court finds the sixth *Smith* factor—the likelihood that the discovery will lead to relevant evidence—favors reopening discovery. Plaintiff explains that discovery into complaints the District's Board had received about Defendant Arnold may lead to relevant evidence such as "(1) were the complaints the District received about [Defendant] Arnold having a 'hit list' inclusive of [Plaintiff] as a target[;] (2) if so, what did the District do with that information; (3) what course of action did the District take to protect employees from [Defendant] Arnold; and (4) why leave [Defendant] Arnold as [Plaintiff's] direct supervisor in deciding his removal as head principal back on April 29, 2021?" *Motion* [#118] at 11-12. Plaintiff contends that this "information is also relevant as it may also rebut [Defendant] Arnold's claim that [Plaintiff] was involved in the District's decision to get her terminated." *Id*. at 12. The Court agrees that discovery into Topic #7 and the Wailes declaration is reasonably likely to lead to relevant information, so this factor weighs in favor of reopening discovery.

In summary, the Court finds that just two *Smith* factors favor reopening discovery while the remaining four factors weigh against reopening. The Court cannot overlook Plaintiff's lack of diligence in filing the Motion [#118], nor can it ignore the fact that Plaintiff clearly foresaw the purported importance of Topic #7 and the Wailes declaration. Yet Plaintiff waited almost four months to raise this disputed discovery dispute while repeatedly telling the Court that discovery was complete. This was, by his own admission, a deliberate choice and he must live with the consequences. Plaintiff offers no credible excuse for his delay in raising this issue. Accordingly, in the Court's discretion, the Motion [#118] is **denied**.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Plaintiff's Motion to Modify Scheduling Order to Reopen Discovery to Take Further Deposition of Weld County School District's 30(b)(6) Representative [#118] is **DENIED**.

Dated: August 19, 2024

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge